IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER DEMAREE, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 1:20-cv-443 |
| ORIENTAL MEDICINE CLINIC, LLC AND SACHIKO TACHIBANA, | § § § § | |
| Defendants. | § § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Christopher Demaree ("Demaree") brings this Fair Labor Standards Act ("FLSA") suit against the above-named Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended. For cause of action, he respectfully shows as follows:

**I. NATURE OF SUIT**

1. The FLSA was passed by Congress in 1938 to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207(a)).

2. Defendants have violated the FLSA by failing to pay Demaree in accordance with the guarantees and protections of the FLSA. Defendants have failed and refused to pay Demaree at time-and-

one-half his regular rate of pay for all hours worked in excess of forty hours within a workweek, although they had full knowledge that Demaree consistently worked over forty hours per week.

## II. PARTIES

3. Chris Demaree is an individual that resides in Travis County, Texas.  Demaree began working for Defendants in January 2019, and his last day of employment was March 15, 2020.  Demaree was employed by Defendants as a front desk employee/receptionist.

4. Oriental Medicine Clinic, LLC is a Texas Limited Liability Company that employed Demaree.

5. Oriental Medicine Clinic, LLC does business under the name Sole Foot Spa.  Its registered agent for service of process is Sachiko Tachibana, and she may be served at 801 5th St., Suite 1610, Austin Texas 78703.

6. At all times relevant to this claim, Oriental Medicine Clinic, LLC was an employer of Demaree as defined by 29 U.S.C. §203(d).

7. Sachiko Tachibana is the Director of Oriental Medicine Clinic, LLC.  She may be served at 801 5th St., Suite 1610, Austin Texas 78703 or at 222 West Ave., Apt. 1612, Austin, Texas 78701.

8. At all times relevant to this claim, Sachiko Tachibana acted directly or indirectly in the interest of Defendant Oriental Medicine Clinic, LLC in relation to Demaree's employment.

9. Sachiko Tachibana was an employer of Demaree as defined by 29 U.S.C. §203(d).

10. At all times hereinafter mentioned, Sachiko Tachibana exercised managerial responsibilities and substantial control over Oriental Medicine Clinic, LLC's  employees, including Demaree, and the terms and conditions of his employment.  Sachiko Tachibana had the authority to: hire, fire and direct Oriental Medicine Clinic, LLC's employees, including Demaree; supervise and control the employment relationships and work schedules of Oriental Medicine Clinic, LLC's employees, including Demaree; set and determine the rate and method of pay of Oriental Medicine Clinic,

LLC's employees, including Demaree; and decide whether Demaree received overtime compensation.

### III. JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction in this matter because Plaintiff asserts claims arising under federal law. Specifically, Plaintiff asserts claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. This Court, therefore, has jurisdiction pursuant to 28 U.S.C. § 1331. This Court also has personal jurisdiction over all parties to this action.

12. Venue is proper in this district and division as Defendants' primary business address as listed with the Texas Secretary of State is Austin, Texas. Defendants are subject to this Court's personal jurisdiction with respect to this civil action. Defendants thus reside in this district and division. 28 U.S.C. §1391(c). Venue in this Court is therefore proper under 28 U.S.C. § 1391(b).

### IV. COVERAGE UNDER THE FLSA

13. At all relevant times, Defendants have, jointly or individually, acted, directly or indirectly, in the interest of an employer with respect to Demaree.

14. At all times hereinafter mentioned, Defendants have, jointly or individually, been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

15. At all times hereinafter mentioned, Defendants have been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

16. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendants are an enterprise and have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by

any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

17. At all times hereinafter mentioned, Demaree was an individual "employee" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207 and whom Defendants at all relevant times "employ[ed]" within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

18. As a front desk employee/receptionist, Demaree handled items such as telephones, computers and credit card terminals as well as other equipment that has been moved in or produced for commerce as defined by 29 U.S.C. §203(b).

## V.  FACTUAL ALLEGATIONS

19. Defendants operate a foot spa in Austin.  Demaree was employed by Defendants from January 2019 to March 15, 2020 as a front desk employee/receptionist.

20. Throughout his employment, Defendants paid Demaree on a monthly basis.

21. During all times relevant to this action, Demaree was a non-exempt employee.

22. Demaree's primary job duties consisted of answering the telephone, making appointments, and greeting customers.

23. Demaree's primary job duty was not the performance of work directly related to Defendants' management or general business operations, or those of their customers.

24.  Demaree's primary job duty did not include the exercise of discretion and independent judgment with respect to matters of significance.

25. Demaree did not have the authority to hire or fire other employees, and his suggestions and recommendations as to the hiring, firing, advancement, promotion, or any other change of status of other employees were not given particular weight.

26. Demaree routinely worked long hours and consistently worked more than forty hours per week. Typically, Demaree worked six days a week, eleven hours a day.

27. Defendants never paid Demaree any overtime premiums for any hours worked over forty per week even though he consistently worked more than forty hours per week.

28. Defendants have knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation to Demaree.

## VI. CAUSE OF ACTION: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

29. Demaree incorporates all allegations contained in the foregoing paragraphs as though fully set forth herein.

30. During the relevant period, Defendants have violated Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2) by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as stated herein above, for workweeks longer than 40 hours without compensating Demaree for his work in excess of forty hours per week at rates no less than one-and-one-half times his regular rate for which he was employed. Defendants have acted willfully in failing to pay Demaree in accordance with applicable law.

## VIII. PRAYER FOR RELIEF

WHEREFORE, cause having been shown, upon final hearing of this cause, Christopher Demaree prays for judgment against Defendants, jointly and severally, as follows:

a. For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendants liable for unpaid back wages due to Demaree and for liquidated damages equal in amount to the unpaid compensation found due to Demaree ;

b. For an Order awarding Demaree the taxable costs and allowable expenses of this action;

c. For an Order awarding Demaree attorneys' fees;

d. For an Order awarding Demaree pre-judgment and post-judgment interest at the highest rates allowed by law;

e. For an Order awarding Demaree declaratory and injunctive relief as necessary to prevent the Defendants' further violations, and to effectuate the purposes, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. and

f. For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

Respectfully Submitted,

**MORELAND VERRETT, P.C.**
700 West Summit Drive
Wimberley, Texas 78676
Tel: (512) 782-0567
Fax: (512) 782-0605

By: */s/ Douglas B. Welmaker*
    Douglas B. Welmaker
    Texas State Bar No. 00788641
    doug@morelandlaw.com

**ATTORNEY FOR PLAINTIFF**